UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
-------------------------------------------------------------------X

BRIAN CALCIANO,                                    Index No.:

                          Plaintiffs,              **COMPLAINT**

           -against-                               **JURY TRIAL DEMANDED**

FUTURE MOTION, INC. and
CHIBATTERYSYSTEMS LLC,

                          Defendants.

-------------------------------------------------------------------X

Plaintiff BRIAN CALCIANO, by his attorney the LAW OFFICE OF AARON

A. KARGER, P.A., complaining of the defendants herein, allege as follows:

**THE PARTIES**

     1.    At all times hereinafter mentioned, plaintiff BRIAN CALCIANO was

and still is a citizen of the State of Florida, residing in the County of Pinellas.

     2.    Upon information and belief, at all times hereinafter mentioned,

defendant FUTURE MOTION, INC. was and still is a foreign corporation duly authorized to do

business in the State of Florida, having its principal office for the transaction of business in the

City of Santa Cruz, County of Santa Cruz and State of California.

     3.    Upon information and belief, at all times hereinafter mentioned,

defendant FUTURE MOTION, INC. transacted and conducted business in the State of Florida.

     4.    Upon information and belief, at all times hereinafter mentioned,

defendant FUTURE MOTION, INC. derived substantial revenue from goods and products used

in the State of Florida.

5.      Upon information and belief, at all times hereinafter mentioned, defendant FUTURE MOTION, INC. expected or should have expected its acts to have consequences within the State of Florida and derived substantial revenue from interstate commerce within the United States, and within the State of Florida in particular.

6.      Upon information and belief, at all times hereinafter mentioned, Defendant FUTURE MOTION, INC. was in the business of designing, selling, manufacturing and/or distributing products for the purpose of sale and use to the general public.

7.      Upon information and belief, at all times hereinafter mentioned, defendant CHIBATTERYSYSTEMS LLC, was and still is a foreign limited liability company duly authorized to do business in the State of Florida, having its principal office for the transaction of business in the City of Oak Forest, County of Cook and State of Illinois.

8.      Upon information and belief, at all times hereinafter mentioned, defendant CHIBATTERYSYSTEMS LLC transacted and conducted business in the State of Florida.

9.      Upon information and belief, at all times hereinafter mentioned, defendant CHIBATTERYSYSTEMS LLC derived substantial revenue from goods and products used in the State of Florida.

10.     Upon information and belief, at all times hereinafter mentioned, defendant CHIBATTERYSYSTEMS LLC expected or should have expected its acts to have consequences within the State of Florida and derived substantial revenue from interstate commerce within the United States, and within the State of Florida in particular.

11.     Upon information and belief, at all times hereinafter mentioned,

Defendant CHIBATTERYSYSTEMS LLC was in the business of designing, selling, manufacturing and/or distributing products for the purpose of sale and use to the general public.

## JURISDICTION & VENUE

12.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(1), as a consequence of the fact that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of the State of Florida and citizens or subjects of a foreign State.

13.     This Court has personal jurisdiction over the defendants herein because defendants transact business within the State of Florida and this district; have availed themselves of the privilege of conducting activities within the State of Florida and this district; and have engaged in the activities giving rise to this lawsuit within the State of Florida and this district.

14.     Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(a)(b) because defendants maintain offices within this district and/or are transacting business in this district; and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## AS AND FOR A FIRST, SEPARATE & DISTINCT
## CAUSE OF ACTION
## AS AGAINST DEFENDANT FUTURE MOTION, INC.
## (NEGLIGENCE)

15.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "14" with the same force and effect as though fully set forth at length herein.

3

16.     Upon information and belief, at all times hereinafter mentioned, defendant FUTURE MOTION, INC. designed and manufactured, offered for sale, sold and delivered to plaintiff BRIAN CALCIANO directly, a self-balancing electric board/recreational personal transporter, often described as an electric skateboard known as a "Onewheel Pint" (hereinafter "Onewheel Pint").

17.     Upon information and belief, at all times hereinafter mentioned, defendant CHIBATTERYSYSTEMS LLC  designed and manufactured, offered for sale, sold and delivered to plaintiff BRIAN CALCIANO directly, a "Quart" battery upgrade (hreinafter "Quart") which said defendant installed on the Onewheel Pint; the purpose of said battery upgrade  being to increase the range, power, durability and safety of the Onewheel Pint.

18.     On or about August 17, 2021, while plaintiff BRIAN CALCIANO was riding the Onewheel Pint with Quart on Daytona Beach, located in Volusia County, Florida, in accordance with the packaged instructions, the Onewheel Pint, without notice, suddenly and unexpectedly shut off while in motion causing said plaintiff to be ejected from the Onewheel Pint, and which fall caused plaintiff to sustain the serious injuries hereinafter set forth.

19.     Defendant FUTURE MOTION, INC., its agents, servants and/or employees were reckless, careless and negligent in, among other things, that they failed and omitted to design, manufacture and sell a product that was reasonably safe; failed and omitted to adequately test the Onewheel Pint; failed and omitted to adequately warn plaintiff BRIAN CALCIANO of the risks and dangers associated with the use of the Onewheel Pint; failed and omitted to test and explore reasonable and more safe alternative devices; failed and omitted to employ adequately skilled personnel to design, manufacture, make, offer and/or deliver a

4

product having a properly designed and constructed means of supporting a rider such that those persons properly using the Onewheel Pint would not be ejected by a sudden shutoff; and the defendant FUTURE MOTION, INC, its agents, servants and/or employees, knew or should have known that a consumer would and could be injured if such device were not properly designed and constructed; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel Pint in that it would shut off suddenly and without a warning when approaching the device's limits during use; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel Pint in that it would shut off suddenly and without a warning while in motion when the battery was low; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel Pint in that it would shut off suddenly and without a warning to prevent overcharging of the battery while collecting kinetic energy; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel Pint in that it would shut off suddenly and without a warning while in motion when experiencing quick acceleration; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel Pint in that it would shut off suddenly and without a warning due to a software/coding issue; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel Pint in that it would fail to balance while in motion without a warning; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel Pint in that it would suddenly and without warning tip forward while in motion and eject riders such as plaintiff BRIAN CALCIANO herein; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel Pint so that it would display the battery

charge level without the use of a separate device such as a smartphone; and the defendant

FUTURE MOTION, INC, its agents, servants and/or employees, knew or should have known

that a consumer would and could be injured because of the failure to warn of low battery or in

other ways display the battery charge level; failed and omitted to warn plaintiff BRIAN

CALCIANO of foreseeable dangers of using the Onewheel Pint; failed and omitted to warn

plaintiff BRIAN CALCIANO and others by suitable supervision, warnings, instructions,

brochures, pamphlets concerning the proper use of the Onewheel Pint, and the fact that no

function was installed on the device to warn or display of a low battery; failed and omitted to

properly test and inspect the Onewheel Pint; failed and omitted to apprehend and comprehend a

potentially imminent dangerous, hazardous and perilous accident situation, and failed to take

the necessary steps to remedy the same; failed and omitted to  provide adequate warnings,

instructions, and information that would alert users to the unreasonably dangerous risks of the

Onewheel Pint, including, among other things, its unpredictable propensity to shut off suddenly

while in operation, without warning, as described above; failed and omitted to incorporate

within the Onewheel Pint and its design reasonable safeguards and protections against shut offs,

and the consequences thereof; failed and omitted to make timely correction to the design of the

Onewheel Pint to correct the shut offs, and the consequences thereof; failed and omitted to

adequately identify and mitigate the hazards associated with shut offs, in accordance with good

engineering practices; failed and omitted to adequately test the Onewheel Pint to ensure it

provided foreseeable users with reasonable safety in foreseeable crashes; failed and omitted to

design the Onewheel Pint from a rider's protection standpoint;  failed and omitted to warn

foreseeable users of the unreasonably dangerous and defective condition(s) of the device despite that defendant FUTURE MOTION, INC.  knew or should have known of the unreasonably dangerous condition(s); failed and omitted to disclose known problems and defects; marketing the Onewheel as reasonably safe; failed and omitted to meet or exceed internal corporate guidelines; failed and omitted to notify consumers, as required by law, that a defect exists in the Onewheel Pint that relates to public safety; failed and omitted to recall the Onewheel Pint or, alternatively, retrofit the device to enhance safety; failed and omitted to inform the consumer, including plaintiff, that defendant FUTURE MOTION, INC. knew about the propensity of shut offs causing serious injuries to riders, thus depriving consumers of the right to make a conscious or free choice in light of the known risks of operating the Onewheel Pint; and in otherwise being careless and negligent.

20.     Upon information and belief, the Onewheel Pint was defective when it left the control of defendant FUTURE MOTION, INC; and plaintiff BRIAN CALCIANO could not, by the exercise of reasonable care, have detected or discovered the defect.

21.     Plaintiff BRIAN CALCIANO was seriously injured when using the Onewheel Pint in the manner normally intended for its use solely as a consequence of the negligence of defendant FUTURE MOTION, INC. in designing, manufacturing and selling a defective product.

22.     The accident and the personal injuries to plaintiff BRIAN CALCIANO resulting therefrom were caused through and by reason of the negligence of defendant FUTURE MOTION, INC., by and through its agents, servants and/or employees, with no

negligence on the part of the plaintiff herein contributing thereto.

          23.     As a foreseeable, direct and proximate result of the wrongful acts and

omissions of defendant FUTURE MOTION, INC., plaintiff BRIAN CALCIANO was caused to

sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled,

and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was

compelled to seek medical care and attention, incurring expenses in connection therewith, in an

attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to

undergo numerous surgical procedures; was caused to be incapacitated from his employment

and usual activities; was caused to experience severe physical and psychological pain, suffering,

required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and

in other respects, was damaged.

          24.     By reason of the foregoing, plaintiff BRIAN CALCIANO has been

damaged in an indeterminate sum of not less than Ten Million ($10,000,000.00)  Dollars.

**AS AND FOR A SECOND, SEPARATE & DISTINCT
CAUSE OF ACTION
AS AGAINST DEFENDANT CHIBATTERYSYSTEMS LLC
(NEGLIGENCE)**

          25.     Plaintiff repeats, reiterates and realleges each and every allegation set

forth in paragraphs "1" through "24" with the same force and effect as though fully set forth at

length herein.

          26.     At all times material to this action, plaintiff used the Quart in the manner

in which defendant CHIBATTERYSYSTEMS LLC intended it to be used.

27.     Defendant CHIBATTERYSYSTEMS LLC, its agents, servants and/or employees were reckless, careless and negligent in, among other things, that they failed and omitted to design, manufacture and sell a product that was reasonably safe; failed and omitted to adequately test the Quart; failed and omitted to adequately warn plaintiff BRIAN CALCIANO of the risks and dangers associated with the use of the Quart; failed and omitted to test and explore reasonable and more safe alternative devices; failed and omitted to provide adequate warnings, instructions, and information that would alert users to the unreasonably dangerous risks of the Quart, including, among other things, its effect on the Onewheel Pint's unpredictable sudden shut-offs while in operation, without warning, as described above; failed and omitted to incorporate within the Quart and its design reasonable safeguards and protections against Onewheel Pint's tendency to shut off, and the consequences thereof; failed and omitted to make timely correction to the design of the Quart so as to correct the Onewheel Pint's tendency to shut off, and the consequences thereof;  failed and omitted to adequately identify and mitigate the hazards associated with shut-offs, whether due to the Quart's design or the Onewheel Pint's design, in accordance with good engineering practices; failed and omitted to adequately test the Quart on the Onewheel Pint to ensure it provided foreseeable users with reasonable safety in foreseeable crashes; failed and omitted to design the Quart from a rider's protection standpoint; failed and omitted to adequately warn foreseeable users of the unreasonably dangerous and defective condition(s) of the device despite that defendant CHIBATTERYSYSTEMS LLC  knew or should have known of the unreasonably dangerous condition(s); failed and omitted to disclose known problems and defects; marketing the Quart

as reasonably safe; failed and omitted to design the Quart from a marketing standpoint in that the device was marketed as reasonably safe for the users for which Defendant CHIBATTERYSYSTEMS LLC presented it publicly; failed and omitted to meet or exceed internal corporate guidelines; failed and omitted to notify consumers, as required by law, that a defect exists in the Quart and/or Onewheel Pint that relates to public safety; failed and omitted to recall the Quart or, alternatively, retrofit the Quart to enhance safety when installed in a Onewheel Pint; failed and omitted to provide adequate warning and/or instructions to foreseeable users of the unreasonable, dangerous, and defective condition of the Quart battery upgrade and/or the Onewheel Pint, despite that Defendant CHIBATTERYSYSTEMS LLC knew or should have known that the Onewheel Pint, and by extension the Quart battery upgrade, was unsafe and could cause severe and even fatal injuries during their "normal" operation, as alleged herein, yet defendant CHIBATTERYSYSTEMS LLC failed to adequately warn users such as plaintiff BRIAN CALCIANO of the risk of serious injury or death; failed and omitted to inform the consumer, including plaintiff BRIAN CALCIANO, that defendant CHIBATTERYSYSTEMS LLC knew about the Onewheel Pint's tendency to shutoff and/or nosedive, causing serious injuries to riders, thus depriving consumers of the right to make a conscious or free choice in light of the known risks of operating the Onewheel Pint with a Quart battery upgrade installed; failed and omitted to properly, reasonably and adequately design, make and manufacture the Quart so that it would display the battery charge level without the use of a separate device such as a smartphone; and the defendant CHIBATTERYSYSTEMS LLC, its agents, servants and/or employees, knew or should have known that a consumer would

and could be injured because of the failure to warn of low battery or in other ways display the battery charge level; failed and omitted to warn plaintiff BRIAN CALCIANO of foreseeable dangers of using the Quart; failed and omitted to warn plaintiff BRIAN CALCIANO and others by suitable supervision, warnings, instructions, brochures, pamphlets concerning the proper use of the Quart, and the fact that no function was installed on the device to warn or display of a low battery; failed and omitted to properly test and inspect the Quart; failed and omitted to apprehend and comprehend a potentially imminent dangerous, hazardous and perilous accident situation, and failed to take the necessary steps to remedy the same; failed and omitted to provide adequate warnings, instructions, and information that would alert users to the unreasonably dangerous risks of the Quart; failed and omitted to incorporate within the Quart and its design reasonable safeguards and protections against shut offs to the Onewheel Pint, and the consequences thereof; failed and omitted to make timely correction to the design of the Quart to correct shut offs to the Onewheel Pint, and the consequences thereof; failed and omitted to adequately identify and mitigate the hazards associated with shut offs, in accordance with good engineering practices; failed and omitted to adequately test the Quart to ensure it provided foreseeable users with reasonable safety in foreseeable crashes; and in otherwise being careless and negligent.

      28.    Upon information and belief, the Quart was defective when it left the control of defendant CHIBATTERYSYSTEMS LLC; and plaintiff BRIAN CALCIANO could not, by the exercise of reasonable care, have detected or discovered the defect.

      29.    Plaintiff BRIAN CALCIANO was seriously injured when using the

Quart in the manner normally intended for its use solely as a consequence of the negligence of defendant CHIBATTERYSYSTEMS LLC in designing, manufacturing and selling a defective product.

30.     The accident and the personal injuries to plaintiff BRIAN CALCIANO resulting therefrom were caused through and by reason of the negligence of defendant CHIBATTERYSYSTEMS LLC, by and through its agents, servants and/or employees, with no negligence on the part of the plaintiff herein contributing thereto.

31.     As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendant CHIBATTERYSYSTEMS LLC, plaintiff BRIAN CALCIANO was caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

32.     By reason of the foregoing, plaintiff BRIAN CALCIANO has been damaged in an indeterminate sum of not less than Ten Million ($10,000,000.00)  Dollars.

### AS AND FOR A THIRD, SEPARATE & DISTINCT
### CAUSE OF ACTION
### AS AGAINST DEFENDANT FUTURE MOTION, INC.
### (FAILURE TO WARN)

33.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "32" with the same force and effect as though fully set forth at length herein.

34.     Defendant FUTURE MOTION, INC. developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, supplied, and/or sold the Onewheel Pint in the course of its business and continued to do so.

35.     Defendant FUTURE MOTION, INC. did in fact develop, test, assemble, manufacture, package, label, prepare, distribute, market, retail, supply, and/or sell the Onewheel Pint, including the distribution of promotional materials, publicity, and/or information to plaintiff BRIAN CALCIANO, including but not limited to, the information printed on the instructions for use, labeling, and/or packaging.

36.     Defendant FUTURE MOTION, INC. expected the Onewheel Pint to reach consumers in the State of Florida, including plaintiff BRIAN CALCIANO without substantial change in the condition.

37.     Defendant FUTURE MOTION, INC. failed to adequately warn the public, including plaintiff BRIAN CALCIANO, of the risk of suffering the type and manner of injuries suffered by plaintiff BRIAN CALCIANO, which risks and/or dangers were known or should have been known to said defendant.

13

38.     The Onewheel Pint, and the sales and promotional materials, developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, retailed, supplied, and/or sold by defendant FUTURE MOTION, INC. were defective, including one or more of the following particulars:

a.     The Onewheel Pint was not properly designed and constructed to support a rider such that those persons properly using the Onewheel Pint would not be ejected by a sudden shutoff;

b.     The Onewheel Pint was not properly designed and constructed so that it would shut off suddenly and without a warning when approaching the device's limits during use;

c.     The Onewheel Pint was not properly designed and constructed so that it would shut off suddenly and without a warning while in motion when the battery was low;

d.     The Onewheel Pint was not properly designed and constructed so that it would shut off suddenly and without a warning to prevent overcharging of the battery while collecting kinetic energy;

e.     The Onewheel Pint was not properly designed and constructed so that it would shut off suddenly and without a warning while in motion when experiencing quick acceleration;

f.     The Onewheel Pint was not properly designed and constructed so that it would shut off suddenly and without a warning while in motion, due to a software/coding

issue.

g.    The Onewheel Pint  was not properly designed and constructed so that it would fail to balance while in motion without a warning;

h.    The Onewheel Pint  was not properly designed and constructed so that it would suddenly and without warning tip forward and eject riders while in motion  such as plaintiff BRIAN CALCIANO herein;

i.    The Onewheel Pint was not properly designed and constructed to display the battery charge level without the use of a separate device such as a smartphone;

39.    The Onewheel Pint, manufactured by defendant FUTURE MOTION, INC., was sold to plaintiff BRIAN CALCIANO and was unreasonably dangerous when sold due to the possibility of stopping suddenly and without warning while in motion.

40.    As a direct and proximate result of defendant FUTURE MOTION, INC.'s failure to adequately warn of this risk, plaintiff BRIAN CALCIANO has suffered damages including injury, and physical and mental pain and suffering.

41.    Plaintiff BRIAN CALCIANO has also incurred expenses and economic losses.

42.    Defendant FUTURE MOTION, INC. failed to adequately warn plaintiff BRIAN CALCIANO.  Defendant FUTURE MOTION, INC. knew the Onewheel Pint designed, marketed, manufactured, sold, and distributed by said defendant was defective and not reasonably safe, thereby showing complete indifference to or conscious disregard for plaintiff BRIAN CALCIANO's safety and the safety of the general public.

43.     As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendant FUTURE MOTION, INC., plaintiff BRIAN CALCIANO was caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

44.     By reason of the foregoing, plaintiff BRIAN CALCIANO has been damaged in an indeterminate sum of not less than Ten Million ($10,000,000.00)  Dollars.

### AS AND FOR A FOURTH, SEPARATE & DISTINCT
### CAUSE OF ACTION
### AS AGAINST DEFENDANT CHIBATTERYSYSTEMS LLC
### (FAILURE TO WARN)

45.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "44" with the same force and effect as though fully set forth at length herein.

46.     Defendant CHIBATTERYSYSTEMS LLC developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, supplied, and/or sold the Quart in the course of its business and continued to do so.

47.     Defendant CHIBATTERYSYSTEMS LLC did in fact develop, test, assemble, manufacture, package, label, prepare, distribute, market, retail, supply, and/or sell the Quart, including the distribution of promotional materials, publicity, and/or information to plaintiff BRIAN CALCIANO, including but not limited to, the information printed on the instructions for use, labeling, and/or packaging.

48.     Defendant CHIBATTERYSYSTEMS LLC expected the Quart to reach consumers in the State of Florida, including plaintiff BRIAN CALCIANO without substantial change in the condition.

49.     Defendant CHIBATTERYSYSTEMS LLC failed to adequately warn the public, including plaintiff BRIAN CALCIANO, of the risk of suffering the type and manner of injuries suffered by plaintiff BRIAN CALCIANO, which risks and/or dangers were known or should have been known to said defendant.

50.     The Quart, and the sales and promotional materials, developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, retailed, supplied, and/or sold by defendant CHIBATTERYSYSTEMS LLC were defective, including one or more of the following particulars:

a.     The Quart was not properly designed and constructed to be used in conjunction with a Onewheel Pint to support a rider such that those persons properly using the Onewheel Pint  would not be ejected by a sudden shutoff;

b.     The Quart was not properly designed and constructed to be used

17

in conjunction with a Onewheel Pint so that the Onewheel Pint would shut off suddenly and without a warning when approaching the device's limits during use;

        c.     The Quart was not properly designed and constructed so that the Onewheel Pint would shut off suddenly and without a warning while in motion when the Quart battery was low;

        d.     The Quart was not properly designed and constructed to display the battery charge level without the use of a separate device such as a smartphone;

        e.     The Quart was not properly designed and constructed in that it omitted to incorporate within the Quart and its design reasonable safeguards and protections against Onewheel Pint's tendency to shut off;

        f.     The Quart was not properly designed and constructed in that it failed and omitted to adequately identify and mitigate the hazards associated with shut-offs, whether due to the Quart's design or the Onewheel Pint's design, in accordance with good engineering practices;

        g.     The Quart was not properly designed and constructed in that it failed to provide foreseeable users with reasonable safety in foreseeable crashes

51.     The Quart, manufactured by defendant CHIBATTERYSYSTEMS LLC, was sold to plaintiff BRIAN CALCIANO and was unreasonably dangerous when sold.

52.     As a direct and proximate result of defendant CHIBATTERYSYSTEMS LLC's failure to adequately warn of the aforementioned risks, plaintiff BRIAN CALCIANO has suffered damages including injury, and physical and mental pain and suffering.

53.     Plaintiff BRIAN CALCIANO has also incurred expenses and economic losses.

54.     Defendant CHIBATTERYSYSTEMS LLC failed to adequately warn plaintiff BRIAN CALCIANO.  Defendant CHIBATTERYSYSTEMS LLC knew the Quart designed, marketed, manufactured, sold, and distributed by said defendant was defective and not reasonably safe, thereby showing complete indifference to or conscious disregard for plaintiff BRIAN CALCIANO's safety and the safety of the general public.

55.     As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendant CHIBATTERYSYSTEMS LLC, plaintiff BRIAN CALCIANO was caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

56.     By reason of the foregoing, plaintiff BRIAN CALCIANO has been damaged in an indeterminate sum of not less than Ten Million ($10,000,000.00)  Dollars.

## AS AND FOR A FIFTH, SEPARATE & DISTINCT
## CAUSE OF ACTION
## AS AGAINST DEFENDANT FUTURE MOTION, INC.
## (BREACH OF WARRANTY)

57.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "56" with the same force and effect as though fully set forth at length herein.

58.     Defendant FUTURE MOTION, INC. breached its implied warranty of merchantability and fitness for a particular purpose in that the Onewheel Pint was not merchantable quality, nor was it fit for the use for which it was intended.

59.     As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendant FUTURE MOTION, INC., plaintiff BRIAN CALCIANO was caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

60.     By reason of the foregoing, plaintiff BRIAN CALCIANO has been damaged in an indeterminate sum of not less than Ten Million ($10,000,000.00)  Dollars.

**AS AND FOR A SIXTH, SEPARATE & DISTINCT
CAUSE OF ACTION
AS AGAINST DEFENDANT CHIBATTERYSYSTEMS LLC
(BREACH OF WARRANTY)**

61.     Plaintiffs repeat, reiterate and reallege each and every allegation set

forth in paragraphs "1" through "60" with the same force and effect as though fully set forth at

length herein.

62.     Defendant CHIBATTERYSYSTEMS LLC breached its implied

warranty of merchantability and fitness for a particular purpose in that the Quart was not of

merchantable quality, nor was it fit for the use for which it was intended.

63.     As a foreseeable, direct and proximate result of the wrongful acts and

omissions of defendant CHIBATTERYSYSTEMS LLC, plaintiff BRIAN CALCIANO was

caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame,

disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish;

was compelled to seek medical care and attention, incurring expenses in connection therewith,

in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to

undergo numerous surgical procedures; was caused to be incapacitated from his employment

and usual activities; was caused to experience severe physical and psychological pain,

suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life

expectancy, and in other respects, was damaged.

64.     By reason of the foregoing, plaintiff BRIAN CALCIANO has been

damaged in an indeterminate sum of not less than Ten Million ($10,000,000.00)  Dollars

**AS AND FOR A SEVENTH, SEPARATE & DISTINCT**
**CAUSE OF ACTION**
**AS AGAINST DEFENDANT FUTURE MOTION, INC.**
**(STRICT LIABILITY)**

65.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "64" with the same force and effect as though fully set forth at length herein.

66.     The Onewheel Pint designed, marketed, manufactured, and distributed by defendant FUTURE MOTION, INC. was defective and not reasonably safe.

67.     Plaintiff BRIAN CALCIANO was using the Onewheel Pint in a reasonable and proper manner and in accordance with the packaged instructions; and as a consequence, defendant FUTURE MOTION, INC. is strictly liable in connection with the design and manufacture of the Onewheel Pint, as aforesaid.

.          68.     As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendant FUTURE MOTION, INC., plaintiff BRIAN CALCIANO was caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain,

suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

69.     By reason of the foregoing, plaintiff BRIAN CALCIANO has been damaged in an indeterminate sum of not less than Ten Million ($10,000,000.00)  Dollars.

### AS AND FOR AN EIGHTH, SEPARATE & DISTINCT
### CAUSE OF ACTION
### AS AGAINST DEFENDANT CHIBATTERYSYSTEMS LLC
### (STRICT LIABILITY)

70.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "69" with the same force and effect as though fully set forth at length herein.

71.     The Quart designed, marketed, manufactured, and distributed by defendant CHIBATTERYSYSTEMS LLC was defective and not reasonably safe.

72.     Plaintiff BRIAN CALCIANO was using the Quart in a reasonable and proper manner and in accordance with the packaged instructions; and as a consequence, defendant CHIBATTERYSYSTEMS LLC is strictly liable in connection with the design and manufacture of the Quart, as aforesaid.

.        73.     As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendant CHIBATTERYSYSTEMS LLC, plaintiff BRIAN CALCIANO was caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith,

in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

74. By reason of the foregoing, plaintiff BRIAN CALCIANO has been damaged in an indeterminate sum of not less than Ten Million ($10,000,000.00) Dollars.

## JURY DEMAND

75 . Plaintiffs hereby demand trial by jury.

## RELIEF

**WHEREFORE**, plaintiff demands judgment against defendants, as follows:

1. On the First Cause of Action against defendant FUTURE MOTION, INC. for compensatory and punitive damages in an indeterminate sum of not less than Ten Million ($10,000,000.00) Dollars;

2. On the Second Cause of Action against defendant CHIBATTERYSYSTEMS LLC for compensatory and punitive damages in an indeterminate sum of not less than Ten Million ($10,000,000.00) Dollars;

3. On the Third Cause of Action against defendant FUTURE MOTION, INC. for compensatory and punitive damages in an indeterminate sum of not less than Ten Million ($10,000,000.00) Dollars;

4.      On the Fourth Cause of Action against defendant CHIBATTERYSYSTEMS LLC for compensatory and punitive damages in an indeterminate sum of not less than Ten Million ($10,000,000.00) Dollars;

5.      On the Fifth Cause of Action against defendant FUTURE MOTION, INC. for compensatory and punitive damages in an indeterminate sum of not less than Ten Million ($10,000,000.00) Dollars;

6.      On the Sixth Cause of Action against defendant CHIBATTERYSYSTEMS LLC for compensatory and punitive damages in an indeterminate sum of not less than Ten Million ($10,000,000.00) Dollars;

7.      On the Seventh Cause of Action against defendant FUTURE MOTION, INC. for compensatory and punitive damages in an indeterminate sum of not less than Ten Million ($10,000,000.00) Dollars; and

8.      On the Eighth Cause of Action against defendant CHIBATTERYSYSTEMS LLC for compensatory and punitive damages in an indeterminate sum of not less than Ten Million ($10,000,000.00) Dollars

Together with interest, counsel fees and the costs and disbursements of this

action.

Dated:  New York, New York
        December 27, 2021

                                      \S_____

Aaron A. Karger, Esq.
LAW OFFICE OF
AARON A. KARGER, P.A.
Attorneys for Plaintiff
BRIAN CALCIANO
Office & P.O. Address
1 NE 2nd Avenue, Suite 200
Miami, FL 33132
305.577.7772
305.602.9357 (Fax)